**2016 UT App 148**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF D.D.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

J.D.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160385-CA
Filed July 14, 2016

Seventh District Juvenile Court, Price Department
The Honorable Mary L. Manley
No. 1126964

Thomas D. Sitterud, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
KATE A. TOOMEY.

PER CURIAM:

¶1     Appellant J.D. (Father) appeals the adjudication order, entered on May 27, 2016, which concluded that D.D. was an abused and neglected child within the jurisdiction of the juvenile court.

¶2     The sole claim on appeal is that the juvenile court erred by not allowing Father an opportunity to testify after he arrived the end of the trial and as the court was announcing its decision.

The trial transcript demonstrates that neither Father nor his counsel requested that he be allowed to testify or otherwise address the court after Father's belated arrival at the adjudication hearing. It is undisputed that Father had notice of the adjudication hearing, that he was represented by counsel at the hearing, and that this counsel cross-examined the State's witness. Father argues before this court that because the juvenile court had stated earlier in the hearing that Father could participate if he arrived and because the court had not entered an order, the court erred by not "allowing [Father] an opportunity to present testimony."

¶3   The argument lacks merit. After obtaining permission to once more check to see if Father had arrived at the courthouse, Father's counsel stated, "So not having the chance for him to testify, I'll make a closing based on the evidence that was presented today." The juvenile court then made findings on the remaining issues disputed by Father and announced its decision. Father's counsel then stated, "[I]f I could just for the record reflect that [Father] is here, he . . . showed up when the Court did announce and came through the door." However, counsel did not request that Father then be allowed to testify. Noting that Father arrived "41 minutes late," the court stated, "You can talk to your lawyer about what took place today, the hearing was set for 10:00, you had notice and you had counsel, so we continued." Under the circumstances, Father has not demonstrated that he was denied an opportunity to participate in the adjudication hearing or that he made any timely request to testify in order to preserve the issue he seeks to raise on appeal.

¶4   Affirmed.

_____